Slivick, Respondent, vs. American Express Company, Appellant.

*December 13, 1921—March 14, 1922.*

*Contracts: Agreement to transmit money: Breach: Receipt of express company: Parol testimony to explain.*

1. Desiring the transmission and delivery of 4,000 rubles to his parents in Russia within a certain date, plaintiff paid the defendant express company $1,000 for that purpose, which issued to him a receipt therefor. In an action to recover back the money, the evidence is *held* to establish an agreement, and default, on the part of the company to make delivery of the rubles within such date, entitling plaintiff to recover.

2. A receipt for money issued by an express company being entirely silent as to what is to be done with the money, or the purpose for which the payment is made, does not constitute a written contract so as to render inadmissible parol testimony to show what the real contract was.

3. The refusal of the trial court to submit to the jury the question of whether the remittance was in fact delivered to and retained by the remittee, even though not delivered within

the time stipulated, is *held* not error, where the company did not pretend throughout the trial that it made delivery of the remittance or that it had been received by the remittee, and, in fact, supplied proof that the remittance had not been received.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

On the 29th day of June, 1917, plaintiff desired to transmit 4,000 rubles to his mother, at Simferopol, Russia, to be delivered to her within ten days from that date. For that purpose he paid $1,000 to the *American Express Company* at Milwaukee and the company issued to him a receipt, in words and figures as follows:

"American Express Co. (619. October, 1911) Office Milwaukee. State Wis. June 29, 1917. Received of Hyman Slivick 4,000 Rubles on Money Order Settlement $1,000. Settled by On Light—Water Bill Settlement. Total $1,000. B. Schoenkerman. Rem. No. 5989692. Receipt No. ——. American Express Company, per D. P. McGowan, Asm."

This action was commenced in the civil court of Milwaukee county to recover the $1,000, it being claimed by the plaintiff that the defendant breached its contract by failing to deliver the money at Simferopol, Russia, within ten days as agreed. The case was tried before a jury, and the following special verdict was returned: (1) that the *American Express Company* agreed to transmit 4,000 rubles to the address given at Simferopol, Russia, within ten days from June 29, 1917; (2) that the *American Express Company* agreed to pay back $1,000 in American money to the plaintiff in case it did not deliver 4,000 rubles at the address given by the plaintiff within ten days from June 29, 1917. Upon this verdict judgment was rendered in favor of the plaintiff, which was affirmed upon appeal to the circuit court. From the judgment of the circuit court affirming the judgment of the civil court defendant brings this appeal.

For the appellant there was a brief by *Miller, Mack &*

*Fairchild* of Milwaukee, attorneys, and *Carter, Ledyard & Milburn* of New York City, of counsel, and oral argument by *Paul R. Newcomb* of Milwaukee.

For the respondent the cause was submitted on the brief of *Joseph A. Padway*, attorney, and *A. W. Richter*, of counsel, both of Milwaukee.

The following opinion was filed January 10, 1922:

OWEN, J.    There is no claim on the part of the defendant that the money was delivered to plaintiff's mother at Simferopol, Russia, within ten days from the date of the remittance.    The usual course of remittances of this nature was as follows: the remittance would go forward from Milwaukee to the office of the express company at New York by mail; upon its receipt the express company would buy 4,000 rubles on the market; it would then telegraph its correspondent at Petrograd to deposit in the Russian mails a remittance for the 4,000 rubles, addressed to the remittee.    The evidence discloses that the remittance was not deposited in the Russian postoffice until August 1st, so that it appears conclusively that the remittance could not have reached the remittee within ten days from the date when the money was paid to the express company.    This conceded fact, together with the special verdict, establish that the express company agreed to transmit 4,000 rubles to plaintiff's mother at Simferopol, Russia, within ten days from June 29, 1917; that it agreed to pay back $1,000 in American money to plaintiff in case it did not deliver the 4,000 rubles as agreed; that it failed to make such delivery, and that it has failed to return the money, which is also a conceded fact in the case.    If the verdict of the jury is supported by competent evidence, the plaintiff's right to a recovery is therefore established.

The only written contract between the parties consists of the receipt which was issued by the express company to the plaintiff, set forth in the statement of facts.    That

this constitutes a written contract is not seriously contended by the appellant. It is nothing more than a receipt for $1,000 which the plaintiff delivered to the express company, and is entirely silent as to what is to be done with the money or the purpose for which the payment was made. It is too well settled to require the citation of authority that a receipt of this nature does not constitute a written contract so as to render inadmissible parol testimony to show what the real contract was.

The plaintiff's brother testified that he and plaintiff lived together in Milwaukee; that they desired to send 4,000 rubles to their parents in Russia; that on the 20th day of June the witness and the plaintiff went to the office of the *American Express Company* and talked with the agent about sending money to Russia; "they told him they got a letter that their parents want money by the 14th of July; they told him that the money had to be there on the 14th of July; the agent told them he would let them know in a couple of days." Witness again visited the express company on the 29th of June and "told him they need money on the 14th of July, and told him, can you send money to Simferopol, Russia, on the 14th of July and the agent told him that they would deliver the money in Simferopol in from three to ten days, and that he would have a telegram in Milwaukee showing that the money had been so delivered." The agent told the witness that he would show him a telegram that they had received the money within ten days or he would pay back the $1,000.

One B. F. Schoenkerman was a branch agent in Milwaukee of the *American Express Company* in the matter of handling domestic money orders. He also handled foreign remittances, but not as an agent of the express company. With reference to that line of business he represented only his customer. He discovered that the plaintiff wanted to send this money to Russia, and called on him on the 29th of June and solicited his business, with the re-

sult that plaintiff and Schoenkerman went to the office of the express company, paid the $1,000 to be remitted, and took the receipt already mentioned. We then have the following negotiations: on the 20th of June the two brothers called on the agent of the express company, stated to him that they wanted to send some money to their parents in Russia, and that it must be there by the 14th of July, for the purpose of ascertaining whether the express company could so deliver the money. The agent informed them that he would let them know in a couple of days. On the 28th of June the plaintiff's brother called, and was informed by the agent that the company would undertake to deliver the money at Simferopol, Russia, within from three to ten days, and that if it did not exhibit to him an official telegram showing that the money was so delivered within ten days from the date of remittance the company would pay back the $1,000. The next day the money was paid to the express company for remittance.

This constituted a continuous negotiation culminating in the undertaking of the express company to make the remittance within from three to ten days, and to pay back the money if the express company failed to deliver according to its agreement. It is true that there was nothing said at the time of the actual delivery of the money with reference to the time within which the remittance was to be delivered. However, the inference that the money was delivered to and received by the express company pursuant to the promise and agreement made by the agent on the day previous is entirely justified. This was the very remittance to which the prior negotiations related, and it seems clear that the contract between the parties is to be determined in the light of the negotiations which took place on the 20th, the 28th, and 29th of June.

It is true that the testimony on behalf of the plaintiff is flatly contradicted by the agent of the express company, and we are asked to set aside the verdict of the jury on the ground that the evidence upon which it rests is incredible.

Slivick v. American Express Co. 176 Wis. 314.

We are asked to consider the state of affairs existing in Russia at that time by reason of the world war, and to declare that such an undertaking on the part of the express company is against all reasonable probability. Without considering the question of how far we may go in taking judicial notice of conditions in Russia which would interfere with the prompt transmittal of the remittance, although confessing some doubt that the company would undertake the remittance within the time stipulated, we are not disposed to say that such an undertaking is so improbable as to make incredible the evidence supporting the verdict. It seems just as improbable that the company would accept this money, give its receipt therefor and undertake the remittance without expressly stipulating that it did not undertake to do so within any given time, or in any manner limiting its liability in case of extraordinary delay, as was done in *Alemian v. American Express Co.* 237 Mass. 580, 130 N. E. 253, and *Katcher v. American Express Co.* (N. J.) 109 Atl. 741, where the liability of the company was expressly limited by the contracts of remittance. Furthermore, it appears that the remittance was not deposited in the Russian mails for more than a month after the money was paid, and we are not prepared to say that this delay was due to war conditions.

Appellant assigns as error the refusal of the trial court to submit to the jury the question of whether the remittance was in fact delivered to and retained by the remittee, even though not delivered within the time stipulated. It is true that it was incumbent on the plaintiff to prove this fact. However, whether the money was so delivered was peculiarly within the knowledge of the company. Under the circumstances, slight proof of this fact on the part of the plaintiff should be sufficient to relieve him of the burden. The express company did not pretend, throughout the trial, that it made delivery of the remittance or that it had been received by the plaintiff's mother, and, in fact, it supplied proof that the remittance had not been so received.

In a letter written by the general agent of the express company at Milwaukee to plaintiff's attorney on November 26, 1917, it is stated: "For your information wish to state this money was tendered to the payee who refused it. We then offered the amount refunded by the company to the purchaser, who refused it." He then goes on to say that "The trouble is, the exchange market in rubles is declining right along, and we cannot refund the $1,000 less the cablegram and other expenses. . . . When the money was returned from abroad, or the advice of nonpayment reached our treasurer's office, we went into the market and sold at the current rate on that date, and, naturally, we offered this purchaser the amount recovered on the latter date. Just what amount will be returned I cannot say. I am writing to find out, and as soon as we hear I will advise you."

From this evidence it appears that the money was not delivered within ten days from date of remittance; that when attempted to be delivered the remittee refused it because it arrived too late. The express company does not deny that it still has the money. It does not deny that some restitution should be made to the plaintiff. Its contention is that plaintiff is not entitled to the full $1,000, but only to the depreciated value of the 4,000 rubles. We must therefore hold that under the verdict establishing the agreement of the express company and its failure to perform the same the plaintiff is entitled to recover the full amount paid.

While we have not discussed in detail appellant's numerous assignments of error, the foregoing discussion fully disposes of those which in our view of the case are in anywise material. The verdict of the jury has sufficient support in the evidence, and the judgment rendered thereon cannot be disturbed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on March 14, 1922.